UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANE PHILLIPS,<br><br>    Plaintiff,<br><br>  v.<br><br>PHILLIPS 66 PARTNERS LP, GREG C. GARLAND, DAVID BAIRRINGTON, MARK A. HANEY, ROBERT A. HERMAN, C. DOUG JOHNSON, PAULA JOHNSON, KEVIN J. MITCHELL, JOSEPH W. O'TOOLE, and TIMOTHY D. ROBERTS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Case No. _____<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on October 27, 2021 (the "Proposed Transaction"), pursuant to which Phillips 66 Partners LP ("Phillips" or the "Partnership") will be acquired by Phillips 66 and its affiliates.

2. On October 26, 2021, Phillips' Board of Directors (the "Board" or "Individual Defendants") caused the Partnership to enter into an agreement and plan of merger (the "Merger Agreement") with Phillips 66, Phillips 66 Company, Phillips 66 Project Development Inc., Phoenix Sub LLC, and Phillips 66 Partners GP LLC. Pursuant to the terms of the Merger Agreement, Phillips' stockholders will receive 0.500 shares of Phillips 66 for each Phillips common unit they own.

3. On December 10, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Phillips common units.

9. Defendant Phillips is a Delaware limited partnership and a party to the Merger Agreement. Phillips' common stock is traded on the NYSE, which is headquartered in New York, New York, under the ticker symbol "PSXP."

10. Defendant Greg C. Garland is a member of the Board.

11. Defendant David Bairrington is a member of the Board.

12. Defendant Mark A. Haney is a member of the Board.

13. Defendant Robert A. Herman is a member of the Board.

14. Defendant C. Doug Johnson is a member of the Board.

15. Defendant Paula Johnson is a member of the Board.

16. Defendant Kevin J. Mitchell is a member of the Board.

17. Defendant Joseph W. O'Toole is a member of the Board.

18. Defendant Timothy D. Roberts is a member of the Board.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Partnership and the Proposed Transaction*

20. Phillips is a master limited partnership formed by Phillips 66 to own, operate, develop, and acquire primarily fee-based crude oil, refined petroleum products, and natural gas liquids pipelines, terminals, and other midstream assets.

21. On October 26, 2021, Phillips' Board caused the Partnership to enter into the Merger Agreement with Phillips 66, Phillips 66 Company, Phillips 66 Project Development Inc., Phoenix Sub LLC, and Phillips 66 Partners GP LLC.

22. Pursuant to the terms of the Merger Agreement, Phillips' stockholders will receive 0.500 shares of Phillips 66 for each Phillips common unit they own.

23. According to the press release announcing the Proposed Transaction:

Phillips 66 (NYSE: PSX) and Phillips 66 Partners ("PSXP" or the "Partnership") (NYSE: PSXP) announced today that they have entered into a definitive agreement

for Phillips 66 to acquire all of the publicly held common units representing limited partner interests in the Partnership not already owned by Phillips 66 and its affiliates.

The agreement, expected to close in the first quarter of 2022, provides for an all-stock transaction in which each outstanding PSXP common unitholder would receive 0.50 shares of PSX common stock for each PSXP common unit. The Partnership's preferred units would be converted into common units at a premium to the original issuance price prior to exchange for Phillips 66 common stock.

"We are announcing an agreement to acquire all outstanding units of Phillips 66 Partners," said Greg Garland, Chairman and CEO of Phillips 66. "We believe this acquisition will allow both PSX shareholders and PSXP unitholders to participate in the value creation of the combined entities, supported by the strong financial position of Phillips 66."

The transaction value of the units being acquired is approximately $3.4 billion based on Oct. 26, 2021 market closing prices of both companies. Upon closing, the Partnership will be a wholly owned subsidiary of Phillips 66 and will no longer be a publicly traded partnership. Phillips 66 Project Development Inc., a wholly owned subsidiary of Phillips 66 and the holder of a majority of the outstanding common units of the Partnership, has voted its units to approve the transaction.

Citi and BofA Securities, Inc. are acting as financial advisors to Phillips 66, and Latham & Watkins LLP is acting as Phillips 66's legal advisor.

The terms of the transaction were unanimously approved by the board of directors of the general partner of Phillips 66 Partners based on the unanimous approval and recommendation of its conflicts committee, comprised entirely of independent directors. The conflicts committee engaged Evercore as its financial advisor and Vinson & Elkins L.L.P. as its legal advisor.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

24. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

25. As set forth below, the Registration Statement omits material information.

26. First, the Registration Statement omits material information regarding the Partnership's financial projections.

27. The Registration Statement fails to disclose: (i) all line items used to calculate the projections; (ii) a reconciliation of all non-GAAP to GAAP metrics; and (iii) projected net income.

28. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Registration Statement omits material information regarding the analyses performed by the Partnership's financial advisor, Evercore.

30. With respect to Evercore's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the DAPL Sensitivity scenario forecasts used in the analysis; (ii) the terminal values of the Partnership; (iii) all line items used to calculate the Partnership's projected cash flows; (iv) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; and (v) Evercore's basis for selecting the multiples used in the analysis.

31. With respect to Evercore's Discounted Distributions Analysis, the Registration Statement fails to disclose the individual inputs and assumptions underlying the terminal yield range and cost of equity.

32. With respect to Evercore's Peer Group Trading Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Evercore in the analysis.

33. With respect to Evercore's Precedent M&A Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed by Evercore in the analysis.

34. When a banker's endorsement of the fairness of a transaction is touted to equityholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

35. Third, the Registration Statement fails to disclose the timing and nature of all communications regarding post-transaction employment, directorships, and benefits, including who participated in all such communications.

36. The omission of the above-referenced material information renders the Registration Statement false and misleading.

37. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Partnership's unitholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Phillips**

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Phillips is liable as the issuer of these statements.

40. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Partnership, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

41. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in making a decision regarding the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

43. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

44. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

45. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Phillips within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Phillips and participation in and/or awareness of the Partnership's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Partnership, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Partnership, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

50. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 23, 2021            **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
vl@rl-legal.com

*Attorneys for Plaintiff*